IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRIMERICA LIFE INSURANCE COMPANY** | : | CIVIL ACTION |
| Plaintiff | : | |
| vs | : | No. 3:16-cv-02429 |
| | : | |
| **CHRISTOPHER G. COLEMAN and JOSHUA J. COLEMAN,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ANSWER, AFFIRMATIVE DEFENSE COUNTERCLAIM, AND CROSS CLAIM OF DEFENDANT, JOSHUA J. COLEMAN

AND NOW COMES, the Defendant, Joshua J. Coleman, by and through his attorney, Joseph R. Rydzewski, Esquire of Spall, Rydzewski, Anderson, Lalley & Tunis, PC, and Answers Affirmative Defenses, Counterclaim and Crossclaim as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted as supplemented hereafter.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.
11. Admitted.
12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted, but the consent of Co-Defendant, Christopher G. Coleman was not required.

19. Denied as stated. The remaining balance is $88,100 plus interest from May 1, 2016.

20. Admitted, but was not a legally sufficient nor legally proper method of challenging the Decedent's beneficiary designation nor a legal basis for Plaintiff's failure to pay the benefits to the Answering Defendant, Joshua J. Coleman.

21. Denied.

22. Denied.

23. Denied.

24. Admitted.

25. Admitted, and therefore said remaining benefits should have already been paid to the Answering Defendant, Joshua J. Coleman.

26. Denied. The facts and the law require payment to Joshua J. Coleman, which Plaintiff should have already done.

27. Denied. There is only one legal claim, that of the Answering Defendant and payment by Plaintiff to him should have already occurred.

28. Denied as set forth herebefore.

29. Denied. If Primerica had paid as legally required to Answering Defendant, then only a dispute between Joshua J. Coleman and Christopher G. Coleman would exist.

30. Admitted, except to pay interest on the same.

31. Admitted.

## AFFIRMATIVE DEFENSES

32. Plaintiff fails to set forth a cause of action for relief including attorney's fees or release and discharge.

33. The Decedent properly signed and executed a beneficiary designation naming his son, Joshua J. Coleman as sole beneficiary without forgery or fraud.

34. Plaintiff cannot be released or discharged from the payment of interest on the benefit until final Order of Court.

## COUNTERCLAIM

35. Answering Defendant, Joshua J. Coleman is Counterclaim Plaintiff and Plaintiff is Counterclaim Defendant.

36. Counterclaim Plaintiff, as the only contractually recognized beneficiary as set forth in Paragraphs 14 and 15 of the Interpleader Complaint, is owed the remaining benefits plus interest from May 1, 2016.

37. The failure to pay the contracted benefits to the contractually designated beneficiary, Joshua J. Coleman, was and is arbitrary and vexatious and require attorney's fees under 42 Pa. C.S.A. §2503, to Counterclaim Plaintiff for this action.

*WHEREFORE*, Answering Defendant/Counterclaim Plaintiff, Joshua J. Coleman, demands that judgment be entered in his favor for the $88,100 plus interest from May 1, 2016, interplead, plus attorney's fees and costs and interest as monetary relief.

## CROSSCLAIM

38. Answering Defendant, Joshua J. Coleman, brings this Crossclaim against Co-Defendant, Christopher G. Coleman and alleges as follows:

39. Co-Defendant, Christopher G. Coleman, is liable to Answering Defendant for the entire remaining benefits, plus interest, as the valid, lawful, and sole beneficiary of the subject insurance policy.

40. Answer Defendant further avers that he is entitled to attorney's fees from the Co-Defendant for Co-Defendant's arbitrary and vexations and bad faith conduct pursuant to 42 Pa. C.S.A. §2503 in preventing payment to the Answering Defendant, the sole beneficiary of the subject policy.

**WHEREFORE**, Joshua J. Coleman demands judgment against Co-Defendant, Christopher G. Coleman for monetary relief plus interest and costs.

SPALL, RYDZEWSKI, ANDERSON, LALLEY & TUNIS, PC

BY:   */s/ Joseph R. Rydzewski, Esquire*
JOSEPH R. RYDZEWSKI, ESQUIRE
Attorney for Defendant, Joshua J. Coleman
ID # 17652
2573 Route 6
Hawley, PA  18428
(570) 226-6229
joerr@poconolawyers.net