**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, | : | CIVIL ACTION |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 3:16-cv-02429 |
| | : | |
| CHRISTOPHER G. COLEMAN and JOSHUA J. COLEMAN, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**
**TO DISMISS DEFENDANT'S COUNTERCLAIM**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

## I.      INTRODUCTION

Plaintiff Primerica Life Insurance Company ("Primerica") commenced this interpleader action to resolve a dispute between Defendant Joshua J. Coleman and his brother, Defendant Christopher G. Coleman, as to which of them is entitled to $88,100 in life insurance proceeds payable under a Primerica life insurance policy as a result of the death of their father, Gerald Coleman.   Joshua Coleman has asserted a counterclaim against Primerica seeking damages and attorney's fees because, notwithstanding his dispute with his brother, Primerica did not pay the life insurance proceeds solely to him.   This type of claim is expressly barred by the Third Circuit's decision in *Prudential Ins. Co. of America v Hovis*, 553 F.3d 258

(3d Cir. 2009), in which the Court held that a defendant may not maintain a counterclaim against an interpleader plaintiff for failing to resolve the dispute between the claimants in his/her favor where the interpleader plaintiff bears no blame for the existence of the ownership controversy. *Hovis,* 553 F.3d at 265. Accordingly, Defendant Joshua Coleman's counterclaim must be dismissed.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On or about October 2, 1987, Gerald C. Coleman submitted an Application For Life Insurance to Massachusetts Indemnity and Life Insurance Company ("MILICO"), the name by which Primerica formerly was known, seeking to insure his life in the face amount of $90,000.00.   (Complaint at ¶¶ 7-9, J. Coleman Answer at ¶¶ 7-9).[1]   In 1987, MILICO issued a policy numbered 0412525313 insuring Gerald Coleman's life in the face amount of $90,000.00, pursuant to the terms and conditions set forth therein ("the Policy").   (Complaint at ¶ 10 and Exhibit "B" thereto; J. Coleman Answer at ¶ 10).   When the Policy was first issued, the principal beneficiary of the coverage insuring Gerald Coleman's life was his wife, Amy Coleman, and the contingent beneficiaries were the children of their marriage.   (Complaint at ¶ 11; J. Coleman Answer at ¶ 11).

---

[1]  A copy of the Primerica's Interpleader Complaint and the exhibits attached thereto is attached hereto as Exhibit "A".   A copy of Defendant Joshua J. Coleman's Answer & Counterclaim is attached hereto as Exhibit "B".

On June 24, 2011, Gerald C. Coleman submitted a Policy Change Application to Primerica seeking to change the principal beneficiary under the Policy from his wife to his two sons, Defendants Christopher G. Coleman and Joshua J. Coleman, and to delete the contingent beneficiary.  (Complaint at ¶ 12 and Exhibit "C" thereto; J. Coleman Answer at ¶ 12).  In a July 13, 2011 letter to Gerald Coleman, Primerica confirmed these changes as of June 24, 2011.  (Complaint at ¶ 13 and Exhibit "D" thereto; J. Coleman Answer at ¶ 13).

On October 26, 2015, Gerald Coleman submitted a signed letter to Primerica, by which he sought to designate Joshua Coleman as the sole principal beneficiary of the coverage insuring his life under the Policy.  (Complaint at ¶ 14 and Exhibit "E" thereto; J. Coleman Answer at ¶ 14).  By letter dated October 27, 2015, Primerica confirmed said change as of October 26, 2015 and further confirmed that no contingent beneficiary of that coverage had been designated. (Complaint at ¶ 15 and Exhibit "F" thereto; J. Coleman Answer at ¶ 15).

On May 1, 2016, Gerald C. Coleman died in Pennsylvania.  (Complaint and J. Coleman Answer at ¶ 16).  The benefit payable under the Policy at the time of, and as a result of, Gerald Coleman's death was $90,000.00; this amount was subsequently reduced by $1,900.00 for funeral expenses, such that the remaining balance of the benefit payable under the Policy is $88,100.00 ("the Remaining

18513707v.1

Benefit") plus any applicable interest.  (Complaint at ¶¶ 17-19 and Exhibit "G" thereto; J. Coleman Answer at ¶¶ 17-19).

On May 31, 2016, Primerica received a letter dated May 24, 2016 from Christopher Coleman challenging Joshua Coleman's designation as the sole beneficiary of the Remaining Benefit.  (Complaint at ¶ 20; J. Coleman Answer at ¶ 20).  Christopher Coleman's letter explained that, among other things, Gerald Coleman actually intended to make him, and not Joshua Coleman, the sole beneficiary of the death benefit payable under the Policy because of Joshua Coleman's alleged history of shoplifting and forgery, drug addiction, and related problems.  (Complaint at ¶ 21 and Exhibit "H" thereto).  In his letter, Christopher Coleman stated the he was "overwhelmingly concerned that [Joshua Coleman had] forged [Gerald Coleman's] signature for change [*sic*] of beneficiary…."  *Id.* at ¶ 22 and Exhibit "H" thereto.  Christopher Coleman further requested in this May 24, 2016 letter that he be "returned as beneficiary" of the Remaining Benefit "the way it was supposed to be."  *Id.* at ¶ 23 and Exhibit "H" thereto.  In contrast to Christopher Coleman's request, Joshua Coleman submitted a formal claim to Primerica for the Remaining Benefit on June 1, 2016.  (Complaint at ¶ 24 and Exhibit "I" thereto; J. Coleman Answer at ¶ 24).

Primerica bears no responsibility for and is blameless with respect to the existence of the dispute between Joshua and Christopher Coleman.  Nevertheless,

18513707v.1

pursuant to the terms and conditions of the Policy, as a result of the death of Gerald Coleman, Primerica is obligated to pay the Remaining Benefit to the primary beneficiary(ies) of the Policy, if any existed at the time of his death, or to Gerald Coleman's estate, if there was no designated beneficiary at the time of his death. *See* Policy at Policy Page 5, Part 3 (Exhibit "B" to the Complaint).  Accordingly, Primerica commenced this action on December 7, 2016 naming the competing Coleman brothers as defendants and seeking interpleader relief pursuant to Fed. R. Civ. P. 22.

On February 2, 2017, Joshua Coleman filed an Answer, in which he asserted a counterclaim against Primerica alleging as follows:

> 35. Answering Defendant, Joshua J. Coleman is Counterclaim Plaintiff and Plaintiff is Counterclaim Defendant.
>
> 36. Counterclaim Plaintiff, as the only contractually recognized beneficiary as set forth in Paragraphs 14 and 15 of the Interpleader Complaint, is owed the remaining benefits plus interest from May 1, 2016.
>
> 37. The failure to pay the contracted benefits to the contractually designated beneficiary, Joshua J. Coleman, was and is arbitrary and vexatious and require attorney's fees under 42 Pa. C.S.A. §2503, to Counterclaim Plaintiff for this action.

(J. Coleman Answer at ¶¶ 35-37).  Joshua Coleman's counterclaim seeks judgment in his favor for the Remaining Benefit, attorney's fees, costs and interest.  *Id.*

18513707v.1

Primerica now moves to dismiss Joshua Coleman's counterclaim as barred by *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258 (3d Cir. 2009).

## III.   STATEMENT OF QUESTIONS INVOLVED

Whether the Court must dismiss Defendant Joshua Coleman's counterclaim against Primerica for failure to state a claim upon which relief can be granted because the counterclaim is barred by *Prudential Ins. Co. of America v Hovis*, 553 F.3d 258 (3d Cir. 2009).

*Suggested Answer*:        YES

## IV.   STANDARD OF REVIEW

A motion to dismiss a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a pleading and streamlines litigation by dispensing with needless discovery and fact finding. *MSCI 2006-IQ11 Logan Blvd. Ltd. P'ship v. Greater Lewistown Shopping Plaza, L.P.*, No. 4:16-CV-2090, 2017 U.S. Dist. LEXIS 14407, at *4-5 (M.D. Pa. Feb. 2, 2017). The Third Circuit has laid out the steps a district court must take when determining the sufficiency of a claim: "(1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint 'not entitled' to the assumption of truth; and (3) determine whether any 'well-pleaded factual allegations' contained in the

18513707v.1

complaint plausibly give rise to an entitlement to relief." *Zerby v. Waltz*, No. 1:16-CV-00383, 2017 U.S. Dist. LEXIS 11768, at *7 (M.D. Pa. Jan. 27, 2017).

## V.   ARGUMENT

Joshua Coleman's counterclaim against Primerica is expressly barred by *Prudential Ins Co. of Am. V. Hovis*, 553 F.3d 258, 265 (3rd Cir. 2009) and must be dismissed.   In *Hovis*, plaintiff Prudential Insurance Company of American ("Prudential") filed an interpleader action to resolve a dispute between claimants to the proceeds of a $100,000 life insurance policy.   *Id.* at 261-262.   One of the claimants asserted counterclaims against Prudential for breach of contract, negligence, breach of fiduciary duty, bad faith and unfair trade practices, alleging that "Prudential has no legally cognizable reason for failing to pay the policy proceeds" to him.   *Id.* at 261.

The District Court in *Hovis* ultimately granted summary judgment to Prudential as respects these counterclaims, because Prudential's interpleader action shielded it from any liability relating to its failure to resolve the dispute over the interpleaded funds.   *Id.* at 262.   The Third Circuit affirmed that conclusion.   *Id.* at 266.   In particular, the Third Circuit first concluded that Prudential properly brought its interpleader action because there was a "genuine dispute" over entitlement to the life insurance proceeds, and Prudential was not to blame for its existence.   *Id.* at 263.   The Third Circuit then concluded that the interpleader

doctrine barred the claimant's counterclaims against Prudential, because all of them were premised upon Prudential's failure to pay the life insurance proceeds to him. *Id.* at 264-265. The court held that "where a stakeholder is allowed to bring an interpleader action, rather than choosing between adverse claimants, its failure to choose between the adverse claimants (rather than bring an interpleader action) cannot itself be a breach of a legal duty." *Id.* at 265. It further held that "where a stakeholder is blameless with respect to the existence of the ownership controversy, the bringing of an interpleader action protects it from liability to the claimants both for further claims to the stake and for any claims directly relating to its failure to resolve that controversy." *Id.* at 265.

*Hovis* squarely bars Joshua Coleman's counterclaim against Primerica in this case. First, Primerica properly brought this interpleader action because there is a genuine dispute between Christopher Coleman and his brother, Joshua Coleman, as to which of them is entitled to the Remaining Benefit as a result of their father's death. Primerica is blameless with respect to the existence of that dispute. Joshua Coleman concedes as much in his Answer in this case, wherein he asserts, in response to paragraph 29 of the Complaint, that "[i]f Primerica had paid as legally required to Answering Defendant, then only a dispute between Joshua J. Coleman and Christopher G. Coleman would exist." (J. Coleman Answer at ¶ 29). That statement is an admission that Primerica is not responsible for Joshua Coleman's

dispute with his brother over the Remaining Benefit, because the dispute would still exist even if Primerica had paid the Remaining Benefit only to him.  This case therefore presents "the perfect utilization of an interpleader," as in *Hovis*.  *Hovis*, 553 F.3d at 263.

Second, Joshua Coleman's counterclaim in this case is nothing more than an attempt to blame Primerica for not paying the Remaining Benefit directly to him. *Compare Hovis, supra,* 553 F.3d at 264 ("each of [the] counterclaims concern Prudential's failure to… pay out the life insurance proceeds to him").  Joshua Coleman's counterclaim alleges that he alone is eligible for the Remaining Benefit, and that Primerica's refusal to pay all of the disputed funds to him was "arbitrary and vexatious."  (J. Coleman Answer at ¶¶ 36-37).  *Hovis* bars precisely this type of counterclaim in an interpleader action such as this for the reasons stated in *Hovis* as noted above.

Accordingly, the court must dismiss Joshua Coleman's counterclaim for failure to state a claim upon which relief can be granted.

18513707v.1

## VI.    CONCLUSION

For the foregoing reasons, Interpleader Plaintiff, Primerica Life Insurance Company, respectfully requests that this Honorable Court grant its motion to dismiss the counterclaim of Defendant Joshua J. Coleman pursuant to Federal Rule of Civil Procedure 12(b)(6) in its entirety and with prejudice.


**WHITE AND WILLIAMS LLP**


DATE:  February 23, 2017          BY:    s/Sean P. Mahoney
                                          Sean P. Mahoney
                                          1650 Market Street
                                          One Liberty Place | Suite 1800
                                          Philadelphia, PA 19103-7395
                                          (215) 864-6342
                                          (215) 789-7757 (FAX)
                                          mahoneys@whiteandwilliams.com

                                          *Attorneys for Interpleader Plaintiff*
                                          *Primerica Life Insurance Company*

-10-

18513707v.1

## CERTIFICATE OF SERVICE

Sean P. Mahoney, attorney for Interpleader Plaintiff, Primerica Life Insurance Company, hereby certifies that on February 23, 2017, he cause a true and correct copy of the foregoing Memorandum of Law in Support of Plaintiff's Motion to Dismiss Defendant's Counterclaim Pursuant to Fed. R. Civ. P. 12(b)(6), and the supporting Memorandum of Law, to be served upon the following via the Court's ECF filing system:

Joseph R. Rydzewski, Esquire
SPALL, RYDZEWSKI, ANDERSON,
LALLEY & TUNIS, P.C.
2573 Route 6
Hawley, PA 18428

*Attorneys for Defendant*
*Joshua J. Coleman*

and upon the following via FedEx overnight delivery, postage prepaid:

Christopher G. Coleman
321 W. Mary Street
Old Forge, PA 18518

*Pro se*

BY: s/Sean P. Mahoney
Sean P. Mahoney

-11-

18513707v.1