IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY,  :<br>  :<br>Plaintiff,   :<br>v.   :<br>  :<br>CHRISTOPHER G. COLEMAN and   :<br>JOSHUA J. COLEMAN   :<br>  :<br>Defendants.   : | 3:16-CV-2429<br>(JUDGE MARIANI) |

## OPINION AND ORDER

Presently before the Court is a Report and Recommendations ("R&R") (Doc. 24) by Magistrate Judge Carlson recommending this Court grant (1) a motion for summary judgment, filed by the plaintiff, Primerica, against the two interpleader defendants and a motion for default judgment against one of the interpleader defendants (Doc. 19); (2) a motion for summary judgment filed by interpleader defendant Joshua Coleman ("Joshua") against the remaining interpleader defendant, Christopher Coleman ("Christopher"), who has not appeared in or responded to the lawsuit in any fashion (Doc. 22); and (3) a motion for dismissal of a counterclaim filed by Joshua Coleman against Primerica. For the reasons that follow, upon review of the R&R for clear error or manifest injustice, the Court will (1) adopt the pending R&R with respect to Primerica's motion for summary judgment for interpleader relief and motion for dismissal of the counterclaim; (2) dismiss Primerica's

motion for default judgment as moot; and (3) defer ruling with respect to Joshua's counterclaim against Christopher.

This case involves a family narrative unfolding all too often after the death of a parent. Gerald Coleman, the father of the two interpleader defendants, Joshua Coleman ("Joshua") and Christopher Coleman ("Christopher"), took out a life insurance policy from plaintiff Primerica. Doc. 1 ¶ 7. During his life, Gerald changed his designated beneficiaries twice: the first time designating both his sons as primary beneficiaries, *id.* ¶ 12, and the second time, designating only Joshua as the primary beneficiary. *Id.* ¶ 15. After Gerald's death in May 2016, Joshua filed a formal claim with Primerica, as he was the latest (and only) beneficiary designated by Gerald. *Id.* ¶ 24. Around the same time, Christopher sent a letter to Primerica, challenging Joshua's designation as the sole beneficiary, alleging that Joshua forged their father's signature in his last designation of beneficiaries, and alluding to the fact that Joshua was purportedly a drug addict. Doc. 1 ¶ 20–21.

Primerica interpleaded both sons in order to resolve the dispute between them. Doc. 1. Though he was properly served, Christopher has wholly failed to make an appearance, respond to the complaint, or otherwise participate in the case. Doc. 24 at 8. Primerica moved for summary judgment as to its claim for interpleader relief under Fed. R. Civ. P. 22, and for default judgment against Christopher.[1] Doc. 19. Joshua moved for summary

---

[1] The Court notes that although Primerica styled its motion papers as a singular "motion for summary judgment and default judgment," a fair reading of Primerica's motion papers is as a motion for summary judgment as to both interpleader defendants, or, *in the alternative*, a motion for default judgment against Christopher Coleman only. Doc. 19.

2

judgment against Christopher on a crossclaim, arguing that he is the sole beneficiary of the life insurance policy and attaching an affidavit testifying to the fact that he did not forge his father's signature, or in any way influence his father's decision to designate him as the sole beneficiary. Docs. 22, 22-4. Separately, Joshua lodged a counterclaim against Primerica, arguing the insurance company erred in bringing this interpleader action instead of paying the policy funds directly to Joshua. Doc. 6 at 4. Primerica moved to dismiss the counterclaim under the principles set forth in *Prudential Life Ins. Co. v. Hovis*, 553 F.3d 258 (3d Cir. 2009), Doc. 19. *Prudential Life* held that "insofar as there was a genuine dispute over entitlement to the insurance proceeds, and Prudential was not to blame for its existence, the interpleader action was properly brought." *Id.* at 263. It further held that interpleader protection should be extended to counterclaims against the insurer in the situations such as this one, where "none of the counterclaims is truly independent of who was entitled to the life insurance proceeds." *Id.* at 264.

The Court finds the R&R to be well reasoned in its analysis of *Prudential Life*; thus, Primerica is properly entitled to interpleader relief on summary judgment, as well as to dismissal of the counterclaim against it. The Court notes that it needs not address the *Poulis* factors here, when the non-moving party failed to respond to a motion for summary judgment, because the court "had no way of knowing, short of conducting a *sua sponte* investigation, why the [non-moving party] failed to contest the motion." *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 178 (3d Cir. 1990).

3

Because the Court grants summary judgment as to Primerica's claim for interpleader relief, Primerica will be dismissed from the case, rendering its motion for default judgment against Christopher Coleman moot. Thus, the Court will adopt the R&R with respect to Primerica's motion for summary judgment and motion to dismiss the counterclaim, and dismiss Primerica's motion for default judgment against Christopher Coleman as moot. Incidentally, the Court notes that were the motion for default judgment not dismissed for mootness, Christopher's wholesale disregard of the litigation would to be grounds for an entry of default judgment. As the R&R noted, "a default judgment may be entered whenever the party against whom the default judgment is sought was served and has failed to plead or otherwise respond." Doc. 24, at 7 (citing Fed. R. Civ. P., Rule 55(a)). "When a defendant fails to appear...the district court or its clerk is authorized to enter a default judgment based *solely* on the fact that the default has occurred." *Anchorage Assocs.*, 922 F.2d at 177 n. 9 (emphasis added).

The Court, however, will defer ruling on the only surviving claim—Joshua's motion for summary judgment on his crossclaim against Christopher. The Court notes that a motion for default judgment was—and remains—an option available to Joshua. However, Joshua has moved under Fed. R. Civ. P. 56 for summary judgment instead. He must therefore comply with the local rule 56.1, which he has failed to do. While Joshua filed an affidavit testifying to the genuineness of his father's latest beneficiary designation, Doc. 22-4, he has failed to file "a separate, short and concise statement of the material facts...as to

which the moving party contends there is no genuine issue to be tried." Local Rule 56.1. The Court therefore finds Joshua's motion for summary judgment to be deficient and orders him to re-file a proper motion for summary judgment, or alternatively, a motion for default judgment, within seven (7) days of this order.

**ACCORDINGLY, THIS 20th DAY OF OCTOBER, 2017**, upon review of Magistrate Judge Carlson's R&R (Doc. 24) for clear error or manifest injustice, **IT IS HEREBY ORDERED THAT:**

1. The R&R (Doc. 24) is **ADOPTED AS MODIFIED.**
2. For reasons set forth above, Defendant Joshua Coleman is directed to re-file a motion for summary judgment in compliance with the Local Rules, or in the alternative, a motion for default judgment on the crossclaim against Defendant Christopher Coleman within **seven (7) days of this Order.**
3. For the reasons set forth above and in the R&R, Primerica's motion for summary judgment as to its claim for interpleader relief (Doc. 19) is **GRANTED**, subject to compliance with the requirements of paragraph 5 below.
4. For the reasons set forth above and in the R&R, Primerica's motion to dismiss the counterclaim against it is **GRANTED.**
5. Primerica is hereby directed to deposit the amount of $88,100.00, plus accrued interest to the date of deposit, into the Court Registry to be invested in the Court

Registry Investment System ("CRIS") until such time as the Court adjudicates the claim between Defendants Joshua J. Coleman and Christopher G. Coleman.

6. Upon the deposit with the Court of the sum set forth above, Primerica shall provide the Court with an appropriate form of final judgment in its favor and against Defendants Christopher Coleman and Joshua Coleman, which shall be entered by separate document.

7. For the reasons set forth above, Primerica's motion for default judgment (Doc. 19) against Defendant Christopher Coleman is **DENIED AS MOOT**.

Robert D. Mariani
United States District Judge